# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAJUAN DANTZLER, SR., : | |
|    *Plaintiff*, : | |
| : | |
| v. : | CIVIL ACTION NO. 23-CV-4769 |
| : | |
| KYLE RUSSELL, *et al.* : | |
|    *Defendants*. : | |

## ORDER

AND NOW, this 14th day of March, 2024, upon consideration of Plaintiff Dajuan Dantzler's Motion to Proceed *In Forma Pauperis* (ECF No. 4), Prisoner Trust Fund Account Statement (ECF No. 5), and *pro se* Amended Complaint (ECF No. 6), it is **ORDERED** that:

    1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

    2.    Dajuan Dantzler, # 214178, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Lehigh County Jail or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Dantzler's inmate account; or (b) the average monthly balance in Dantzler's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Dantzler's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall

forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Dantzler's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

      3.      The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of Lehigh County Jail.

      4.      The Amended Complaint is **DEEMED** filed.

      5.      The Clerk of Court is **DIRECTED** to **AMEND** the caption to reflect that the correct identification of the Plaintiff is "Dajuan Dantzler, Sr."

      6.      The Clerk of Court is **DIRECTED** to add Kyle Russell and the Lehigh County Jail as Defendants.

      7.      For the reasons stated in the Court's Memorandum, all claims against the Lehigh County Jail are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and all remaining claims against Kyle Russell are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

      8.      The Clerk of Court is **DIRECTED** to **TERMINATE** the Lehigh County Jail as a Defendant in this case.

      9.      Dantzler may file a second amended complaint within thirty (30) days of the date of this Order as to any claims dismissed without prejudice.  Dantzler may not reassert a claim that has already been dismissed with prejudice.  Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint, shall state the basis for Dantzler's claims against each defendant, and shall bear the title "Second

Amended Complaint" and the case number 23-4769. The second amended complaint shall be a complete document that does not rely on the initial Complaint, the Amended Complaint, or any other papers filed in this case to state a claim. When drafting his second amended complaint, Dantzler should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum. Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

10. The Clerk of Court is **DIRECTED** to send Dantzler a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Dantzler may use this form to file his second amended complaint if he chooses to do so.

11. If Dantzler does not wish to file a second amended complaint and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead

those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

12.     If Dantzler fails to file any response to this Order, the Court will conclude that Dantzler intends to stand on his Amended Complaint and will issue a final order dismissing this case.[1]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).